United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
David L. and Tabatha S. Seibert,   Case No. 09-62037
         Debtor.   Chapter 7
_____/

David L. Seibert
Tabatha S. Seibert,
       Plaintiffs,   Adv. Pro. No. 11-6650
                                    Hon. Steven Rhodes

v.

Eun Chu Horton,
       Defendant.
_____/

<u>Opinion Regarding Debtor's Motion for Summary Judgment</u>

This case is before the Court on a motion for summary judgment filed by the plaintiff and debtor, Tabatha S. Seibert. Seibert seeks summary judgment finding that the defendant Eun Chu Horton violated the discharge injunction by filing a state court lawsuit against her after she received a discharge in her bankruptcy case. Horton asserts that the debt owed to her was not discharged.

For the reasons that follow, the Court holds that Horton did not violate the discharge injunction. Accordingly, Seibert's motion for summary judgment is DENIED and the case is DISMISSED.

I.

Seibert filed a voluntary chapter 7 bankruptcy petition on July 15, 2009. Seibert did not schedule a potential claim by defendant Horton. In her affidavit, Seibert noted that the police had questioned her on July 28, 2008 about a burglary, of which she claimed to be innocent, but nothing

further came of the investigation. Therefore, Seibert asserts that she had no idea that Horton had any claim against her, legitimate or groundless. Seibert received a discharge on January 6, 2010. The parties do not dispute that Horton did not receive notice of the bankruptcy.

On July 2, 2010, Horton filed a state court action for conversion arising from the alleged burglary. Seibert acknowledges receipt of the summons and complaint. She asserts that she spoke with a man at the office of Horton's attorney who told her she did not have to "do anything" in response to the complaint. An employee at that office has filed an affidavit disputing this assertion. He states that he took a call from Seibert and advised her that she must file a response within 21 days and that she could do it herself or hire an attorney.

Seibert did not respond to the state court summons and complaint. A default judgment was entered against her on August 27, 2010. Seibert hired an attorney and filed a motion to set aside the default. The motion was denied on February 25, 2011. Seibert then filed a motion for reconsideration, which was denied on May 19, 2011.

On June 20, 2011, Seibert filed a motion to reopen her bankruptcy case to schedule Horton's claim. That motion was denied as unnecessary on June 28, 2011. On September 12, 2011, Seibert filed a motion to reopen her bankruptcy case to file a complaint for damages due to a violation of the discharge injunction. That motion was granted on October 6, 2011. Seibert filed the present adversary proceeding on October 10, 2011.

On February 10, 2012, Seibert filed a motion for partial summary judgment.

II.

> Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and

that the moving party is entitled to judgment as a matter of law." "A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." The court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor.

*United States v. Certain Real Prop.*, 800 F. Supp. 547, 549-50 (E.D. Mich. 1992).

Seibert argues that even though Horton was not scheduled as a creditor, Horton's claim was discharged pursuant to the reasoning of *Zimhelt v. Madaj* (*In re Madaj*), 149 F.3d 467 (6th Cir. 1998). The Sixth Circuit held that in a no-asset case, unscheduled debts not asserted to be nondischargeable pursuant to § 523(a)(2), (4) and (6) are discharged without the need to reopen a debtor's bankruptcy case. However, unscheduled claims asserted to be nondischargeable under those sections are not automatically discharged if the potential creditor did not have knowledge of the bankruptcy. *Id. See also Kowalski v. Romano* (*In re Romano*), 59 Fed. App'x 709, 713 (6th Cir. 2003) ("An unscheduled claim is not discharged under [§ 523(a)(3)(A)] if the creditor does not have notice or actual knowledge of the bankruptcy to permit timely filing of a proof of claim.").

There is no factual dispute that Horton's claim was not scheduled and that she did not have actual knowledge of Seibert's bankruptcy. Therefore, the next question is whether the alleged debt is nondischargeable pursuant to § 523(a)(2), (4) or (6).

> There are at least three ways to litigate dischargeability after the close of the bankruptcy case. First, if a creditor pursues a claim in state court, the debtor can assert the discharge as an affirmative defense. Second, under Bankruptcy Rule 4007(b), either the debtor or the creditor may reopen the case to litigate dischargeability. Third, the debtor can bring an action in bankruptcy court to enforce the discharge against a creditor attempting to collect a discharged claim.

3

*Karras v. Hansen* (*In re Karras*), 165 B.R. 636, 639 (N.D. Ill. 1994).

In the present case, Horton has alleged that she is owed a non-dischargeable debt pursuant to § 523(a)(6). Specifically, Horton has alleged that Seibert stole money from her. Seibert has denied this allegation. If Horton proves her case, then the debt would be nondischargeable. If Seibert proves hers, there is no debt. Under either party's position, the discharge injunction does not apply.

Horton chose to litigate in state court. Seibert had two options to protect herself. She could have either answered the state court complaint and asserted the bankruptcy defense or sought removal of the action to the bankruptcy court. Doing nothing was not a legitimate option.[1]

### III.

The Court holds that Horton did not violate the discharge injunction by filing the state court complaint. Accordingly, Seibert's motion for summary judgment is DENIED. The adversary complaint is DISMISSED.

Not for Publication

**Signed on April 09, 2012**

                                                                  **/s/ Steven Rhodes**
                                                                    **Steven Rhodes**
                                                                    **United States Bankruptcy Judge**

---

[1] The Court need not make any factual finding regarding whether Seibert was given improper advice from Horton's attorney's office because that factual issue is not material to the issue of whether the discharge injunction was violated.